599 A.2d 869

**Charles E. COTE**

v.

**Paula R. COTE.**

**No. 338, Sept. Term, 1991.**

Court of Special Appeals of Maryland.

Jan. 2, 1992.

Stephen A. Friedman (Thomas A. Yeager and Joseph, Greenwald & Laake, P.A., on the brief), Greenbelt, for appellant.

Leslie G. Billman (Rebecca L. Dieter and Greenan, Walker, Steuart, Trainor and Billman, on the brief), Landover, for appellee.

Argued before ALPERT, ROSALYN B. BELL and DAVIS, JJ.

ROSALYN B. BELL, Judge.

This appeal raises two questions: whether a circuit court judge, in the absence of *specific* statutory authority, may bar a co-owner from that co-owner's residence, and whether such action constitutes an unlawful taking of property without just compensation. We hold that the trial judge's actions in this case were supported by statutory authority, and that barring a co-owner from his or her property under these circumstances is not a taking. We are concerned, however, about the breadth of the injunction issued on November 21, 1990, which on its face purports to be indefinite. Thus, while we will affirm the power of the trial judge to issue the injunction, we will also remand for him to reconsider the continued need for this injunction.

Paula Cote and Charles Cote were married on November 8, 1966. The one child of the marriage is fully emancipated. On September 17, 1990, the parties had an altercation. While their versions differ, the trial judge implicitly found the actions at least to some extent were reciprocal. On September 20, Mr. Cote filed a complaint for a limited divorce against Ms. Cote in the Circuit Court for Prince George's County. On that same day, Ms. Cote filed a Petition for Protection from Domestic Violence, based on the events of September 17.[1] A hearing on that petition

---

1. Mr. Cote contends that this petition was not filed until September 30 and then only to gain a tactical advantage in the divorce suit which was then pending. No record of the District Court Civil Order of Protection proceeding has been transmitted. The dates posited by Mr. Cote are not consistent with the time frame contemplated by the established procedures for this process. Civil Orders of Protection are authorized by Md.Fam.Law Code Ann. §§ 4–504—510 (1984, 1991 Repl.Vol.). When a petition for such an order is filed, the court must first determine whether an abuse has occurred as defined in the statute. If it does so conclude, the court in an ex parte proceeding shall order the alleged abuser to refrain from further abuse, § 4–505(a)(2), and may order the abuser to vacate the family home and grant temporary possession of the home to an adult family member for not more than five days after service, § 4–505(a)(2)(i). The temporary ex parte order shall state the date and time of the protective order hearing. § 4–506(b). If the abuser does not appear, the court may continue the order for not more than 30 days. § 4–506(c).

was held in the District Court of Maryland for Prince George's County on or about October 1. The District Court barred Mr. Cote from entering the family home.

In the meantime, the circuit court issued a consent order on September 21, which enjoined and ordered both parties not to hit, strike or assault each other. Despite the District Court's order, the parties continued their mutual harassment. On October 30, Ms. Cote filed a Motion for Ex Parte Injunction in the circuit court, requesting the court to bar Mr. Cote from the marital home because the District Court's protective order was due to expire on October 31. The circuit court granted Ms. Cote's motion on November 1.

The court held a full hearing on November 7. At that time, testimony of both parties was taken, covering the events of September 17, an alleged prior abuse, and the ongoing mutual harassment of both parties. This harassment included going into each other's cars, going to each other's residences, and making harassing telephone calls. Mr. Cote made a preliminary motion to dismiss, claiming that the court had no authority to grant such an injunction. The court denied the motion to dismiss.

At the conclusion of the hearing, the trial judge determined that the injunction was necessary to keep the parties away from one another and to prevent them from assaulting one another. The court went on to say:

"The Court will express no opinion on the merits of the divorce, only on the interest of keeping them safe from each other and the community from being exposed to

---

If the abuser does appear, the court shall hold a hearing. If the court issues a protective order, that order shall order that the abuser refrain from further abuse and may continue the temporary possession for not more than 30 days, § 4–506(e)(1), and grant other relief as appropriate. § 4–506(e)(5). While neither Mr. Cote's nor Ms. Cote's dates are totally consistent with this process, Ms. Cote's dates are more accurate. Moreover, Ms. Cote claims she was hospitalized from September 20 to September 30. This does not appear to be contested. If she did not file for a civil protection order until September 30, it is most unlikely that a hearing would have been held the very next day, resulting in an order for temporary possession for 30 days.

anymore breaches of the peace and possible violence on the streets or public parts of the town."

The order entered on November 21 stated:

"ORDERED that the Plaintiff, Charles E. Cote, be and hereby is enjoined from going to and/or entering the residence occupied by the Defendant, Paula R. Cote, at 2514 Bucklodge Terrace, Adelphi, Maryland; and it is further

"ORDERED that the Defendant be and hereby is enjoined from going to and/or entering the residence occupied by the Plaintiff at 7364 Eden Brook, Apartment 625, Columbia, Maryland; and it is further

"ORDERED that the Plaintiff be and hereby is enjoined from harassing, striking, or assaulting the Defendant; and it is further

"ORDERED that the Defendant be and hereby is enjoined from harassing, striking, or assaulting the Plaintiff; and it is further

"ORDERED that there shall be no direct communication between the parties; and it is further

"ORDERED that this Order shall remain in full force and effect until further Order of Court."

This order is the subject of Mr. Cote's appeal.

## THE COURT'S AUTHORITY TO ISSUE THE INJUNCTION

 Mr. Cote first contends that the court had no power to issue an injunction barring him from the marital home. We do not agree.

The injunctive power of the court is set forth in Md.Fam. Law Code Ann. § 1–203(a) (1984, 1991 Repl.Vol.):

"(a) *Injunctive power of court.*—in an action for alimony, annulment, or divorce, an equity court:

(1) has all the powers of a court of equity; and

(2) may issue an injunction to protect any party to the action from physical harm or harassment."

In the instant case, the court enjoined the parties under § 1–203(a)(2) to protect them from further harming each other.

In *Magness v. Magness,* 79 Md.App. 668, 678, 558 A.2d 807, *cert. granted* 317 Md. 440, 564 A.2d 784, *appeal voluntarily dismissed by petitioner,* 317 Md. 641, 566 A.2d 102 (1989), we stated:

"The purpose of an interlocutory injunction is to preserve the status quo during litigation in order to prevent irreparable injury to the moving party and to preserve the court's ability to render complete relief.

\* \* \* \* \* \*

The decision to grant or deny an interlocutory injunction is within the sound discretion of the court."

In the instant case, the trial judge undertook to protect the parties while preserving the status quo. By the time of the hearing, the parties were living apart. Ms. Cote testified that Mr. Cote had rented an apartment since "last April." Mr. Cote did not differ with that assertion; he stated that after the events of September 17, "I went to the apartment, Columbia." That was prior to the issuance by the District Court of the civil order of protection. Mr. Cote claims in his brief that the circuit court "ignored the fact that the cause of his absence from his home was the District Court's Protective Order, not his free will."

Certainly, Mr. Cote had obtained the apartment for his own reasons long before the District Court's order mandated he leave the home. We agree that both parties were making their primary residence in the Adelphi property as of September 17. We also agree that Mr. Cote was more disadvantaged than Ms. Cote by the order. Nevertheless, he was less disadvantaged than Ms. Cote would have been had she been forced to move, because she had no other place to go, while he had his apartment. The trial judge thus came as close as he could to protecting the status quo with the slightest degree of inconvenience to the parties.

Mr. Cote argues that the two factors discussed in *Magness* for the issuance of an interlocutory injunction militate against an injunction in this case. We do not agree. The first factor involves a question of irreparable injury to the moving party if the injunction is not granted. *Magness,* 79 Md.App. at 678, 558 A.2d 807. Mr. Cote contends that the irreparable injury was visited upon him. While Mr. Cote suffered the deprivation of the use of his property, this must be balanced against the irreparable injury sought to be avoided by the injunction.

The trial court in its holding determined that there was a risk of irreparable injury that could occur, namely, future physical abuse of and by both parties. This is the element of irreparable injury required by *Magness* and found by the trial judge in this case. This finding was amply supported by the evidence.

*Magness* also requires that, after granting the injunction, the court still must have the ability to render complete relief in the entire action. *Magness,* 79 Md.App. at 678, 558 A.2d 807. In the instant case, the injunction prevented both parties from going to or entering each other's residences; it in no way compromised the court's ability to grant complete relief in the divorce action.

Mr. Cote next argues:

"Beyond the *Maryland Family Law Code Annotated* Section 4–506,[2] and except for [Ms. Cote's] bald assertions of abuse, there is no statutory authority upon which the trial court could issue any injunction to grant her the exclusive right to use and possess the family home."

Mr. Cote contends that the provisions of § 4–506, providing for a civil order of protection, only authorizes the granting of possession of the home for a limited time and precludes an open-ended order of the type entered in this case. We agree. The authority to issue such an open-ended injunc-

---

**2.** Maryland Fam.Law Code Ann. §§ 4–504 through 4–510 (1984, 1991 Repl.Vol.), contains the authority which is the basis of what is called a civil order of protection. *See* n. 1, *supra.*

tion cannot be based on § 4–506, but could only be available under § 1–203.

Mr. Cote argues that another case or statute is needed to provide the court specific power to grant an injunction. We do not agree; the authority of § 1–203 is sufficient. Under § 1–203(a), the court "may issue an injunction to protect any party to the action from physical harm or harassment." Given the history of this case, the trial judge concluded he needed to keep these people away from each other to accomplish this goal. That is what he did. No further justification for his order is necessary.

Mr. Cote discusses the case law and legislative process which resulted in the enactment of Md.Fam.Law Code Ann. §§ 8–206 and 8–208 (1984, 1991 Repl.Vol.). These sections deal with use and possession of the family home and personal property, and are only available where the person seeking use and possession has within her or his custody a "child" who is under the age of 18, or who is dependent on that parent because of mental or physical infirmity. § 8–201(b). We agree that §§ 8–206 and 8–208 could not authorize the November 21 injunction because no "child," as defined by statute, resides with Ms. Cote. The discussion is simply not relevant to this case, however. It deals with an entirely different situation. Section 1–203 specifically deals with situations where an injunction is necessary to "protect any party to the action from physical harm or harassment." Sections 8–206 and 8–208 are designed for specific situations not present in this case.

Mr. Cote contends that the court should have continued the prior consent order of the circuit court of September 21, which affirmatively ordered each "not to hit, strike or assault" the other. He contends that this order had not been violated; hence, he argues, there was no need to deny him access to his own property. He also argues that the order as modified on November 21 gives no more guarantee of safety than the September 21 order. He makes an interesting point, but his own actions show this argument to be untrue.

While the September 21 order was in force, the parties continued to harass each other, laying the foundation for the explosion of violence. On the other hand, counsel conceded at oral argument in this Court that since the November 21 order both parties have obeyed its terms and left each other alone, thereby eliminating the possibility of further violence. It has often been stated that the strength of our institutions, particularly the courts, comes from the deference which we give to their decisions and rulings. Without that deference, the courts would not have the power to enforce their rulings; there are not sufficient jails or other means of punishment available to enforce judicial decisions. Never was this more true than in this case. We hold that the trial court had the statutory authority to issue the November 21 injunction in this case, and we find no abuse of its discretion in having done so.

## THE EFFECT OF THE INJUNCTION

Mr. Cote next argues that, even if the trial court had the statutory authority to enter the injunction in this case, the order barring him from his own real property was an unconstitutional taking of property without just compensation. We do not agree.[3]

The Court of Appeals, in *Pitsenberger v. Pitsenberger*, 287 Md. 20, 34, 410 A.2d 1052, *appeal dismissed*, 449 U.S. 807, 101 S.Ct. 52, *rehearing denied*, 449 U.S. 1028, 101 S.Ct.

---

3. Ms. Cote appears to have fundamentally misconstrued the argument made by Mr. Cote. Her brief fails completely to address the takings issue. Instead, it focuses solely on an issue not raised by Mr. Cote, that the order depriving him of the use of his property violated his right to procedural due process. Not only does Mr. Cote not make this argument, but it was decisively answered by the Court of Appeals in *Pitsenberger v. Pitsenberger*, 287 Md. 20, 410 A.2d 1052, *appeal dismissed*, 449 U.S. 807, 101 S.Ct. 52, 66 L.Ed.2d 10 *rehearing denied*, 449 U.S. 1028, 101 S.Ct. 601, 66 L.Ed.2d 491 (1980). In that case, the Court of Appeals held that the statutory provisions for use and possession orders in the divorce context (which provides a similar procedural framework to that discussed in n. 1, *supra* ) "satisfy procedural due process by effecting a constitutional accommodation of opposing interests." *Pitsenberger*, 287 Md. at 33, 410 A.2d 1052.

601 (1980), stated that three elements must be established in order to constitute a taking: (1) state action; (2) which affects a property interest in the constitutional sense; and (3) which deprives the owner of all beneficial use of his or her property. *Pitsenberger*, 287 Md. at 34, 410 A.2d 1052. If all three of these elements are met, the State must pay compensation for the deprivation.

There is no question that the injunction here constituted state action. The trial court's order was issued under the authority of § 1–203 of the Family Law Article enacted by the Legislature. In *Pitsenberger*, 287 Md. at 28, 410 A.2d 1052, the Court of Appeals held that use and possession orders under the Courts and Judicial Proceedings Article "involve state action because it is created, regulated and enforced by the State."

The next question is whether there was a deprivation of a property interest. The trial court ruled that, because Mr. Cote did not lose title to the marital home, no unconstitutional taking occurred. This analysis by the trial judge was in error, as it ignores the Supreme Court's decision in *Fuentes v. Shevin*, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972). In *Fuentes*, the Supreme Court held that a temporary, non-final deprivation of an individual's possessory interest in property may nonetheless constitute a taking for constitutional purposes. *Fuentes*, 407 U.S. at 84–85, 92 S.Ct. at 1996–97. We hold that the trial judge's injunction did deprive Mr. Cote of a property interest, as that term has been defined for constitutional purposes.

Although the trial judge erred in holding that his injunction did not deprive Mr. Cote of *some* property interest, we hold that his ultimate conclusion, that Mr. Cote did not suffer an unconstitutional taking, was correct. "To constitute a taking in the constitutional sense, so that the State must pay compensation, the state action must deprive the owner of *all* beneficial use of the property." *Pitsenberger*, 287 Md. at 34, 410 A.2d 1052 (emphasis added). In that case, the Court of Appeals stated:

"Because his children have the use of the family home and family use personal property, [Mr. Pitsenberger] is in fact using his property to properly house his children. [Mr. Pitsenberger] therefore has not been deprived of all beneficial use of his property."

*Pitsenberger*, 287 Md. at 34, 410 A.2d 1052. In this case, Mr. Cote seeks to distinguish *Pitsenberger* on the grounds that no minor children are benefitting from the injunction entered by the trial court. Therefore, argues Mr. Cote, he retains no beneficial use of the marital property. While Mr. Cote correctly points out that there are no minor children in this case, we do not agree that he has been deprived of all beneficial use of the marital property.

We have held that the trial judge was authorized to issue an injunction to protect the parties from harm in this case. Under these circumstances, Mr. Cote obtained some tangible benefits from Ms. Cote remaining in the marital home. Specifically, he avoided the possibility of having to provide an alternative place for Ms. Cote to live during the pendency of the divorce. We therefore hold that the trial court's injunction barring Mr. Cote from the marital home did not constitute a taking of property without just compensation.

## THE DURATION OF THE INJUNCTION

Although we have held that the trial judge had authority to issue "an injunction to protect any party to the action from physical harm or harassment," and that he tailored the injunction to accomplish this goal in the least disruptive manner, we are troubled by the duration of the injunction. The trial judge stated that the injunction would "remain in full force and effect until further Order of Court." Therein lies our concern. This injunction has been in force well over a year and no further order of court has been forthcoming.[4] While the injunction did not rise to the

---

4. Following the trial judge's order in this case, Mr. Cote immediately appealed to this Court. This was not the only means of seeking

level of a taking in the constitutional sense, it barred him from entering and directly using property to which he otherwise was entitled. It is entirely possible that the need for the injunction has ceased to exist. If so, it should be dissolved.

This case should be tried on the merits and tried expeditiously. These parties cannot get on with their lives while this case remains unresolved. We remand the case for trial at the earliest possible date. If it cannot be tried within 30 days of the issuance of the mandate, we direct the court to hold a hearing within that period to take testimony, review the injunction and, unless the court rules that the injunction remains necessary, to dissolve it.[5]

---

review of the trial judge's order, however. Several different avenues were open to Mr. Cote.

First, Mr. Cote could have requested that the trial judge provide a specific date on which to review the injunction. The court should then have reviewed the continuing need for the injunction in light of any changed or new circumstances.

Second, after a certain period of time had elapsed, Mr. Cote could have moved for a modification of the order, based on the passage of time and the "cooling off" of the passions and emotions between the parties.

Mr. Cote could have sought an expedited appeal under Rule 8–207. This process is much less expensive and less time consuming. This case appears to be ideally suited for such an appeal, as only two issues are raised. While arriving at an agreed statement of facts with Ms. Cote, as required by Rule 8–207, might have caused a problem, the facts necessary for determination of the particular issues raised here are not greatly in dispute. For example, Mr. Cote's arguments do not turn on a determination of which party was the instigator of the physical altercations between the parties.

While counsel did not recall that he had sought an advancement of argument and immediate transmittal of the record, which was denied, he did not accompany the motion with an affidavit attesting to the allegations. In addition, he did not contend, nor could he so far as we know, that he had sought an expedited appeal and Ms. Cote refused to agree. While this might not have assured success, we might well have concluded that Ms. Cote's rejection of an expedited appeal in such a case constituted a reason to advance the case for hearing.

5. We note Ms. Cote has asked that we award her costs and attorney's fees for this proceeding. We defer this matter to the trial court where a statement of services can be filed and a finding more properly made.

JUDGMENT AFFIRMED.

CASE REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.

COSTS TO BE PAID BY APPELLANT.

MANDATE TO ISSUE FORTHWITH.